J-A05020-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TAHIR SUTTON :
:
Appellant : No. 408 EDA 2025

Appeal from the Judgment of Sentence Entered January 22, 2025
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0004041-2015

BEFORE:  KUNSELMAN, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.: **FILED JULY 1, 2026**

Appellant Tahir Sutton appeals from the trial court's January 22, 2025 order, which vacated the trial court's February 14, 2024 order and reinstated the trial court's March 15, 2016 sentencing order.  On appeal, Appellant makes various claims about the trial court's authority and jurisdiction to enter the orders.  After review, we vacate the trial court's February 14, 2024 and January 22, 2025 orders and remand for further proceedings consistent with this memorandum.

Appellant admitted to the following facts at his guilty plea hearing:

[On] March 11, 2013, there was an armed robbery of a [Square One] mini market[ on] 15th and Northampton Street in the Borough of Wilson . . . by two assailants. . . . They robbed the two clerks involved[, taking] a total of approximately $300 [or] $400 . . . and left the premises.

*     *     *

> [Appellant] had a handgun and . . . pointed it at an employee of Square One on 1503 Northampton Street and stole cash and cigarettes.

N.T., 2/18/16, at 4-5 (some formatting altered).

Appellant pled guilty to robbery – threatening immediate serious bodily injury[1] on February 18, 2016, before the Honorable Emil Giordano of the Northampton County Court of Common Pleas. The trial court imposed a sentence of four to eight years' incarceration that same day. *See* Sentencing Order, 2/18/16. The trial court's order stated the sentence was to be imposed concurrent to all other sentences. *See id.* On March 15, 2016, the trial court entered an amended sentencing order stating that Appellant's sentence was to run consecutive to a case he had in New Jersey. *See* Amended Sentencing Order, 3/15/16. Appellant did not file a direct appeal.

On February 6, 2024, Appellant filed a "Motion for Immediate Release or in the Alternative to Correct the Sentence" (Motion for Immediate Release). In that motion, Appellant alleged that the trial court's amended sentencing order was erroneous and his sentence was to run concurrent to his sentence in New Jersey. *See* Mot. for Immediate Release, 2/6/24, at 1-3 (unpaginated).

On February 14, 2024, a status conference was held in the Northampton Court of Common Pleas before the Honorable Brian J. Panella regarding Appellant's Motion for Immediate Release. After the conference, the trial court

_____

[1] 18 Pa.C.S. § 3701(a)(1)(ii).

- 2 -

entered an order granting Appellant's Motion for Immediate Release; purporting to amend Appellant's judgment of sentence to run concurrent to "any and all other cases and convictions in the Commonwealth of Pennsylvania or any other jurisdiction"; and ordering that Appellant was eligible for immediate release. *See* Trial Ct. Order, 2/14/24.

On July 31, 2024, the Commonwealth filed a motion to vacate the trial court's February 14, 2024 order as null and void *ab initio* due to lack of jurisdiction.[2] *See* Commonwealth's Mot. to Vacate, 7/31/24, at 7-8. Specifically, the Commonwealth contended that Appellant's Motion for Immediate Release sought relief cognizable under the Post-Conviction Relief Act[3] (PCRA) and was, therefore, a PCRA petition subject to the PCRA's jurisdictional time bar. *See id.* at 4-8.

On January 22, 2025, after briefing by Appellant and the Commonwealth, the trial court entered an order vacating its February 14, 2024 order and reinstating the March 15, 2016 sentencing order. *See* Trial

---

[2] We note that Appellant argues that the trial court did not have jurisdiction to vacate its February 14, 2024 order. *See* Appellant's Brief at 17-20. However, a trial court retains inherent authority to rescind an order entered without jurisdiction, even beyond the thirty days provided in 42 Pa.C.S. § 5505. *See Commonwealth v. Brown*, 916 WDA 2019, 2020 WL 1158794, at *3 (Pa. Super. filed Mar. 10, 2020) (unpublished mem.); *see also* Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

[3] 42 Pa.C.S. §§ 9541-9546.

Ct. Order, 1/22/25. Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following claims for our review:

1. Did the trial court err in vacating the February 14, 2024 order granting Appellant's immediate release and reinstating the March 15, 2016 sentencing order?

2. Did the trial court lack jurisdiction to enter the January 22, 2025 Order?

3. Did the court violate Appellant's due-process rights under the Pennsylvania and United States Constitutions by altering his sentence without providing notice of the intended modifications or an opportunity to be heard?

4. Did the January 22, 2025 order violate Appellant's Constitutionally protected rights under the Double Jeopardy Clauses of the Pennsylvania and United States Constitutions?

5. Did the Commonwealth fail to file a timely appeal of the February 14, 2024 order?

6. Did the Commonwealth waive issues concerning the February 14, 2024 order by not opposing Appellant's February 06, 2024 motion for release?

Appellant's Brief at 5-6.

Because it is critical to our disposition, we first address Appellant's argument that his motion for immediate release was not required to be brought under the PCRA. *See id.* at 16-17. In support, Appellant claims that, because his sentence was amended without notice, it is a legal nullity, and his Motion for Immediate Release was not a PCRA petition. *See id.* at 13-17.

Initially, we note that Appellant's judgment of sentence became final on April 14, 2016, when the time to appeal his judgment of sentence expired.

- 4 -

*See Commonwealth v. Mumford*, 353 A.3d 247, 255 (Pa. Super. 2026) (stating that "in cases where the trial court amends the judgment of sentence during the period it maintains jurisdiction pursuant to [42 Pa.C.S. §] 5505, the appeal lies from the amended judgment of sentence rather than the original sentence" (some formatting altered and citation omitted)); *Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012) (stating, in relevant part, that "a judgment becomes final  . . . at the expiration of the time for seeking [direct appeal] review" (some formatting altered and citation omitted)); *see also* 42 Pa.C.S. § 9545(b)(3); Pa.R.Crim.P. 720 (stating that where a defendant does not file a timely post-sentence motion "the defendant's notice of appeal shall be filed within 30 days of imposition of sentence").

It is well-settled that "the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition."  *Commonwealth v. Johnson*, 803 A.2d 1291, 1293 (Pa. Super. 2002) (citation omitted) (concluding the defendant's motion to vacate sentence qualified as a PCRA petition).  "Pennsylvania courts have consistently held, so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition."  *Commonwealth v. Torres*, 223 A.3d 715, 716 (Pa. Super. 2019) (citation omitted).  However, "the content of the motion-just exactly what is pled and requested therein—is relevant to deciding whether to treat the motion as a collateral petition."

*Commonwealth v. Wrecks*, 931 A.2d 717, 720 (Pa. Super. 2007) (citation omitted and some formatting altered). Any pleadings filed after a conviction becomes final raising claims regarding the legality of the sentence must be treated as PCRA petitions. *See, e.g.*, *Commonwealth v. Guthrie*, 749 A.2d 502, 503 (Pa. Super. 2000) (holding that at motion to correct illegal sentence filed after the judgment of sentence became final would be treated as PCRA petition).

Here, Appellant's Motion for Immediate Release alleged that the trial court erred by modifying its February 18, 2016 sentencing order to structure his sentence consecutively, rather than concurrently, to his case in New Jersey because he was denied notice and a hearing to challenge the modification. *See* Mot. for Immediate Release, 2/6/24. Such claims implicate the legality of sentence. *See Commonwealth v. Renninger*, 269 A.3d 548, 567 (Pa. Super. 2022) (addressing a claim that the trial court wrongfully modified a sentence pursuant to 42 Pa.C.S. § 5505 without providing notice as a challenge to the legality of sentence). It is well established that "challenges to the legality of a sentence are cognizable under the PCRA." *See Commonwealth v. Whiteman*, 204 A.3d 448, 451 (Pa. Super. 2019) (some formatting altered); *see also Guthrie*, 749 A.2d at 503. Accordingly, because Appellant requested relief cognizable under the PCRA after his judgment of sentence became final, Appellant's Motion for Immediate Release

should have been treated as a PCRA petition.[4] *See Guthrie*, 749 A.2d at 503; *Wrecks*, 931 A.2d at 720; *Torres*, 223 A.3d at 716.

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation and emphasis omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Jones*, 54 A.3d at 16 (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17. Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[4] We are cognizant that, as stated above, a trial court retains inherent authority to rescind an order entered without jurisdiction. *See Brown*, 2020 WL 1158794, at *3. However, "the limited authority of a trial court to correct patent errors in sentences absent statutory jurisdiction under section 5505[ does] not establish an alternate remedy for collateral relief that sidesteps the jurisdictional requirements of the PCRA." *See Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011).

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented.  **See** 42 Pa.C.S. § 9545(b)(2).  It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

Additionally, our supreme court has previously stated that:

If a PCRA court lacks jurisdiction to grant relief because a petition is untimely, any order by the court granting relief is simply not a valid judgment on the merits by a court of competent jurisdiction. Indeed, this Court has clearly explained that where a court is without jurisdiction it is without power to act and thus, any order that it issues is null and void.

**See Commonwealth v. Reid**, 235 A.3d 1124, 1143 n.10 (Pa. 2020)

Here, as stated above, Appellant's judgment of sentence became final on April 14, 2016, when his time to appeal expired.  Therefore, Appellant had until April 14, 2017 to file a facially timely PCRA petition.  **See** 42 Pa.C.S. § 9545(b)(1).  Since Appellant's February 6, 2024 Motion for Immediate Release was filed nearly eight years after his judgment of sentence became final, it is facially untimely.  **See id.**  Appellant failed to plead or prove any of the PCRA's

jurisdictional time-bar exceptions in his motion. *See* Mot. for Immediate Release, 2/6/24; *see also Albrecht*, 994 A.2d at 1094. Since Appellant's Motion for Immediate Release constitutes an untimely PCRA petition without an exception, the trial court was without jurisdiction to consider the petition and the trial court's order from February 14, 2024, is null and void. *See Reid*, 235 A.3d at 1143 n.10.

However, where a trial court fails to properly treat a filing as a PCRA petition and, accordingly, does not proceed "under the dictates of the PCRA," we may vacate the trial court's order and remand for further PCRA proceedings. *See Commonwealth v. Butler*, 755 MDA 2021, 2022 WL 1102135, at *2-3 (Pa. Super. filed Apr. 13, 2022).

As stated above, the trial court initially granted PCRA relief based on a facially untimely PCRA petition that it did not properly recognize as a PCRA petition. The trial court then considered and ultimately granted, the Commonwealth's motion to vacate based on its lack of jurisdiction. However, in doing so, the PCRA court concluded that Appellant's PCRA petition was untimely without complying with the dictates of the PCRA. *See Butler*, 2022 WL 1102135, at *2-3.; *see also, e.g.*, Pa.R.Crim.P. 905 (stating that "when a [PCRA petition] is defective as originally filed, the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed"); Pa.R.Crim.P. 907 (stating that when a "judge is satisfied . . . no purpose would be served by any further proceedings, the judge shall give notice to the parties of the

intention to dismiss the petition and shall state in the notice the reasons for the dismissal"). Accordingly, we vacate the trial court's orders from February 14, 2024, and January 22, 2025, and remand for the trial court to properly consider Appellant's filing as a PCRA petition. **See Butler**, 2022 WL 1102135, at *2-3.

Upon remand, the trial court shall allow Appellant to amend his PCRA petition in order to have the opportunity to establish its timeliness. Once Appellant amends his PCRA petition, the trial court shall consider the timeliness of the amended PCRA petition and conduct further proceedings, pursuant to the PCRA, as necessary.[5]

February 14, 2024, and January 22, 2025 orders vacated. Case remanded for further PCRA proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/1/2026

---

[5] Because we remand for further PCRA proceedings, we do not address Appellant's remaining issues on appeal.

- 10 -